**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**BARRY H. DAYTON**

**Individually and on behalf**
**of all others similarly situated,**

    **Plaintiff,**

    **v.**                               **Case No.  16-CV-6812**

**OAKTON COMMUNITY COLLEGE,**

**MARGARET B. LEE,**

**JOIANNE SMITH,**

**MICHAEL ANTHONY,**

**KARL BROOKS,**

**MAYA EVANS,**

**TOM HAMEL,**

**COLETTE HANDS,**

**BONNIE LUCAS, and**

**MUM MARTENS.**

    **Defendants.**

## COMPLAINT

## INTRODUCTION

1.    This is a class and representative action against Defendants Oakton Community College ("OCC"), Margaret B. Lee, Joianne Smith, Michael Anthony, Maya Evans, Tom Hamel, Colette Hands, Bonnie Lucas, and Mum Martens ("Defendants")  for violations of the

Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, 42 U.S.C. §1983, and under Illinois Const., Art. XII, §5.

2.      This action alleges that OCC, its President, and the President's Council promulgated and implemented a policy of not employing as part-time faculty any individual who is an annuitant of the State University Retirement System ("SURS"). The policy discriminates against employees who are 40 years of age and older and thus has a substantial disparate impact on the class protected by the ADEA.  The action further alleges that the Defendants' actions were retaliation against the putative class members for participation in SURS in violation of Illinois Const., Art. XII, § 5.

3.      Through his class-wide and collective action claims, Named Plaintiff Barry H. Dayton ("Named Plaintiff") seeks reemployment and other forms of relief including all penalties, liquidated damages, and other damages permitted by law; all other forms of relief permitted by law; and reasonable attorneys' fees and costs.

4.      Named Plaintiff and putative class and collective action members are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and Fed. R. Civ. P. 23 as they suffered identical adverse employment actions under this policy.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because Plaintiff alleges violations of the ADEA, 29 U.S.C. § 621, *et seq.*

6.      This Court has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1367 because all other such claims arise in and are so related that they form part of the same case or controversy as the aforementioned claims.

7.    Named Plaintiff has complied with all jurisdictional prerequisites to action under the ADEA by timely filing a charge of discrimination with the Equal Employment Opportunity Commission. Over sixty (60) days have elapsed since the timely filing of the charge.  A copy of the charge is attached hereto as Exhibit A.

8.    The Northern District of Illinois has personal jurisdiction over Defendants because OCC maintains facilities and conducts its business within the District.

9.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (d) because OCC is an employer subject to personal jurisdiction within this judicial district at the time this action is being commenced.

## PARTIES

10.    Defendant, OCC is a public Illinois community college which maintains its principal place of business in Des Plaines, Illinois. OCC has thousands of employees and is an "employer" within the meaning of 29 U.S.C. § 630(b).

11.    Defendant Joianne Smith is the current president of OCC and held such position since approximately June 2015.  Prior to such time, she served as a member of the President's Council.  Defendant Smith was one of the individuals responsible for the promulgating and implementing the policy of not employing as part-time faculty any individual who is an annuitant of the SURS. Defendant Smith is sued in her official capacities as President of OCC and President's Council member.

12.    Defendant Margaret B. Lee is the former president of OCC and held such position until approximately June 2015.  Defendant Lee was one of the individuals responsible for the promulgating and implementing the policy of not employing as part-time faculty any

individual who is an annuitant of the SURS. Defendant Smith is sued in her official capacities as a former President of OCC.

13.     Defendants, Michael Anthony, Maya Evans, Tom Hamel, Colette Hands, Bonnie Lucas, and Mum Martens were members of the Oakton Community College's President's Council (hereafter "Council") at the time that the policy at issue in this case was decided.  The Council and its members, along with Defendant Smith, were responsible for the promulgating and implementing the policy of not employing as part-time faculty any individual who is an annuitant of the SURS.   Such Defendants are sued in their official capacities as members of the Council.

14.     Named Plaintiff Barry H. Dayton is an adult resident of Park Ridge, Illinois. Dayton was employed as part-time faculty at OCC's Des Plaines Campus in Des Plaines, Illinois between 1994 and 2015.

15.     Since 2004, Dayton has been over the age of 40 and received a retirement annuity from the Illinois State Universities Retirement System ("SURS").

16.     Dayton brings this action on behalf of himself and on behalf of other similarly situated employees pursuant to Section 7(b) of the ADEA, 29 U.S.C. § 626(b), and Section 16(b) of FLSA, 29 U.S.C. § 216(b) (hereafter "the Collective Class").   Dayton's consent form is attached an incorporated as Exhibit B to this complaint. The Collective Class of similarly situated employees is defined as:

> All part time faculty who were denied employment at Oakton Community
> College as the result of its policy to not employ or re-employ State Universities
> Retirement System annuitants and who are not "affected annuitants" pursuant to
> 40 ILCS 5/15-139.5(b)(2).

17.     Dayton brings this action on behalf of himself and the Illinois Retiree Class pursuant to Fed. R. Civ. P. 23 (hereafter "Illinois Retiree Class"). (*See* Exhibit B). The Illinois Retiree Class is defined as:

> All part time faculty who were denied employment at Oakton Community College as the result of its policy to not employ or re-employ State Universities Retirement System annuitants and who are not "affected annuitants" pursuant to 40 ILCS 5/15-139.5(b)(2).

18.     Dayton and the members of the Class are employees within the meaning of 29 U.S.C. § 630(f).

## FACTUAL ALLEGATIONS

19.     SURS is a pension plan that provides retirement benefits to eligible individuals who are or were employed by covered public Illinois state universities or community colleges ("SURS-covered employers") in varied occupations, from professors and teachers to clerical, building service workers and groundskeepers.

20.     Upon retirement from a career with a SURS-covered employer, an individual becomes an "annuitant" when he or she begins collecting his or her SURS retirement benefit.

21.     OCC uses a combination of regular, full-time faculty and part-time, or adjunct, faculty to provide instruction to OCC students.

22.     OCC employed part-time faculty on a semester-long contractual basis. At the end of each semester, and at the discretion of OCC, part-time faculty members could be reemployed for the subsequent semester.

23.     Upon retiring from their employment with OCC (or another SURS-covered employer) and becoming annuitants, Class members continued post-retirement employment at OCC as part-time instructional faculty.

24.     At the time Class members began post-retirement employment, SURS required that annuitants notify SURS of post-retirement employment with SURS-covered employers and imposes earning limitations on annuitants.

25.     The Illinois General Assembly passed legislation to impose financial penalties on SURS-covered employers who employ certain "affected annuitants," effective August 1, 2013. 40 ILCS 5/15-139.5. This legislation amended the state's Return-to-Work law.

26.     The amendment to the Return-to-Work Law assesses a SURS-covered employer a penalty for each annuitant it employs more than 18 paid weeks *and* compensates at a rate more than 40% of the annuitant's highest annual rate of earnings prior to retirement (hereafter "affected annuitants").   40 ILCS 5/15-139.5(b)(2).

27.     OCC instituted a monitoring system to track compensation and the number of weeks it employed annuitants during the 2013-2014 academic year.  OCC continued to employ annuitants during the 2014-2015 academic year.

28.     On or around November 2014, OCC instituted a new policy under which OCC would no longer employ any SURS annuitant as part-time faculty.  It applied such policy regardless of whether the annuitant was an "affected annuitant" under the Return to Work Law.

29.     After instituting the policy, OCC did not employ or reemploy non-affected SURS annuitants upon the expiration of their then in-effect employment contracts.

30.     Upon information and belief, OCC did not rehire 77 employees who were non-affected annuitants following the expiration of the 2014-2015 school year on or around June 30, 2015. OCC informed these employees that they were not rehired because they were SURS annuitants. Of the 77 employees, approximately 50 were part-time faculty.

31.    OCC continues to maintain the common policy by which it will not employ or reemploy individuals who are SURS annuitants, regardless of whether they are affected annuitants under the Return to Work law.

## COLLECTIVE ACTION ALLEGATIONS

32.    Named Plaintiff brings this case on his own behalf and on behalf of the Collective Class, as defined in paragraph 16 of the claim, pursuant to 29 U.S.C. § 216(b), § 626(b).

33.    Named Plaintiff is similarly situated to others in the Collective Class and is subject to Defendants' common practice, policy, or plan of refusing to employ or re-employ State Universities Retirement System annuitants regardless of whether they are "affected annuitants" pursuant to 40 ILCS 5/15-139.5.

34.    The claims of Named Plaintiff are representative of the claims of the Collective Action Plaintiffs, in that, such class members are State Universities Retirement System annuitants but not "affected annuitants" pursuant to 40 ILCS 5/15-139.5.

35.    The names and addresses of the Collective Action Plaintiffs are available from OCC, and notice should be provided to the Collective Action Plaintiffs via first class mail to their last known address as soon as possible.

## CLASS ALLEGATIONS

36.    Named Plaintiff brings the Second and Third Claims for Relief on his own behalf and on behalf of the Illinois Retiree Class, defined in paragraph 17, supra, pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure.

37.     The persons in the class identified above are so numerous that joinder of all members is impracticable. OCC has employed between 50 and 80 people who satisfy the definition of the class.

38.     There are questions of law and fact common to the Illinois Retiree Class (Rule 23 Class) that predominate over any questions solely affecting individual members of the class, including, but not limited to:

(a)     Whether Defendants OCC, Lee, Smith, Anthony, Evans, Hamel, Hands, Lucas, and Martens, acting under color of state law and 40 ILCS 5/15-139.5(b)(2), subjected members of the Illinois Retiree Class to the deprivation of rights, privileges, or immunities secured by the Age Discrimination in Employment Act as amended, 29 U.S.C. § 621, *et seq.*

(b)     Whether 40 ILCS 5/15-139.5(b)(2) is preempted by the Age Discrimination in Employment Act as amended, 29 U.S.C. § 621, *et seq.*

(c)     Whether Defendants terminated the employment of Dayton and members of the Illinois Retiree Class such that it impaired their participation in SURS in violation of Illinois Constitution, Article XII, § 5.

(d)     Whether Defendants terminated the employment of Dayton and members of the Illinois Retiree Class in retaliation for their participation in SURS in violation of Illinois Constitution, Article XII, § 5 and Illinois law.

(e)     The proper measure of damages sustained by Named Plaintiff and members of the Illinois Retiree Class.

## FIRST CLAIM FOR RELIEF:
## VIOLATION OF THE ADEA

39.     Named Plaintiff Barry H. Dayton, individually and on behalf of the Collective Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

40.     Dayton brings the First Claim for Relief on his own behalf, and on behalf of the defined Class, pursuant to Section 7(b) of the ADEA, 29 U.S.C. § 626(b), and Section 16(b) of FLSA, 29 U.S.C. § 216(b).

41.     Dayton is similarly situated to others in the Collective Class and is subject to Defendants' common practice, policy, or plan of refusing to employ or reemploy SURS annuitants in violation of the ADEA.

42.     Dayton's claims are representative of the claims of the Collective Action Plaintiffs, in that, such employees are part-time faculty employees, who were working for OCC, but were not reemployed by OCC because of their status as SURS annuitants.

43.     In November 2014, Defendants implemented a policy that it would no longer employ or reemploy as part-time faculty individuals who were SURS annuitants.

44.     Dayton and Collective Action Plaintiffs are non-affected annuitants under the Return-to-Work Law, and there is no penalty against OCC for continuing to employ such individuals under the Return-to-Work Law.

45.     On or around July 1, 2015, OCC terminated the employment of all SURS annuitants and has refused to employ or reemploy any SURS annuitant since such time.

46.     All SURS annuitants are over the age of 40, thus, no part-time faculty member under the age of 40 failed to be reemployed by the College because of its new SURS reemployment policy.

47.     The ADEA prohibits covered employers from implementing and enforcing policies that discriminate against individuals over the age of 40 and/or have a substantial disparate impact on protected class members.

48.     Defendant discriminated against Plaintiff and members of the Class based on his age when implemented a policy that discriminated against individuals over the age of 40 and/or had a substantial disparate impact on protected class members.

49.     By such actions, Defendants' conduct violated the Age Discrimination in Employment Act as amended, 29 U.S.C. § 621, *et seq.*

## SECOND CLAIM:
## VIOLATION OF 42 U.S.C. § 1983

50.     Named Plaintiff Barry H. Dayton, individually and on behalf of the Illinois Retiree Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

51.     The Supremacy Clause, Article VI, Clause 2 of the U.S. Constitution, mandates that federal law preempts state law in any area over which Congress expressly or impliedly has reserved exclusive authority or which is constitutionally reserved to the federal government, including where state law conflicts or interferes with federal law.

52.     To the extent that 40 ILCS 5/15-139.5(b)(2) provides a basis for terminating the employment of SURS participants and such terminations discriminate against such participants on the basis of age, the state law conflicts with protections against discrimination on the basis of age contained in the ADEA and is preempted by federal law.

53.     Where Defendants OCC, Lee, Smith, Anthony, Evans, Hamel, Hands, Brooks, Lucas, and Martens, acting under color of state law and 40 ILCS 5/15-139.5(b)(2), subjected members of the Illinois Retiree Class to the deprivation of rights, privileges, or immunities secured by the Age Discrimination in Employment Act as amended, 29 U.S.C. §621, et seq.

## THIRD CLAIM
## VIOLATION OF ILLINOIS CONST., ART. XIII, § 5

54.     Named Plaintiff Barry H. Dayton, individually and on behalf of the Illinois Retiree Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

55.     Pursuant to the Illinois Constitution, Article XII, §5, "[m]embership in any pension or retirement system of the State, any unit of local government or school district, or any

agency of instrumentality thereof, shall be an enforceable contractual relationship, the benefits of which shall not be diminished or impaired."

56.     Where Defendants terminated the employment of Dayton and members of the Illinois Retiree Class it impaired their participation in SURS by retaliating against Dayton and members of the Illinois Retiree Class due to their participation in SURS.

57.     Where Defendants terminated the employment of Dayton and members of the Illinois Retiree Class it unlawfully interfered with the contractual relationship between members of the Illinois Retiree Class and SURS.

## PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff demands the following relief:

A.     Issue notice to all similarly situated employees of Oakton Community College informing them of their right to file consents to join this action;

B.     Certify all of Named Plaintiff's ADEA claims as a Collective Action pursuant to Section 7(b) of the Age Discrimination in Employment Act,, 29 U.S.C. § 626(b), and Section 16(b) of Fair Labor Standards Act, 29 U.S.C. § 216(b).

C.     Certify all of Named Plaintiff's claims under 42 U.S.C. § 1983 and Illinois Law as a class action pursuant to Fed R. Civ. P. 23;

C.     Enter a judgment that Defendants violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*;

D.     Enter judgment against the Defendants and in favor of Plaintiff for prospective and retrospective monetary relief;

E.     Enter an order permanently enjoining and restraining Defendants from violating the provisions of federal law;

F.     Enter judgment against Defendants and in favor of Plaintiffs for compensatory, punitive, and liquidated damages;

H.     Order Defendant OCC to reemploy Plaintiffs as part-time faculty;

I.     Award Plaintiff the costs of this action and reasonable attorneys' fees; and

J.     Grant all Plaintiffs such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Named Plaintiff demands a trial by jury.

Dated this 29th day of June, 2016.

/s/ Nathan D. Eisenberg
Nathan D. Eisenberg (Ill. Bar No. 6307413)
nde@previant.com
Sara J. Geenen
sjg@previant.com
Erin F. Medeiros
efm@previant.com
THE PREVIANT LAW FIRM, S.C.
310 West Wisconsin Ave. Suite 100 MW
Milwaukee, WI 53203
Telephone: 414/271 4500
Fax: 414/271 6308

(LEAD COUNSEL)

Stephen Yockich (Ill. Bar No. 6181707)
syockich@laboradvocates.com
Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich
8 South Michigan Avenue – 19th Floor
Chicago, IL 60603
Telephone: 312/ 372-1361
Fax: 312/372-6599

(LOCAL COUNSEL)

Attorneys for Plaintiffs